FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

Civil Action No. _____

THE AMERICAN HUMANIST ASSOCIATION, INC.,
ART ROJAS,
FRANCES JEAN PORGAL,
LUCINDA HALE,
and DANIEL HALE,

*Plaintiffs*,

v.

CITY OF OCALA, FLORIDA,
KENT GUINN, individually and in his official capacity as mayor of the City of Ocala,
OCALA POLICE DEPARTMENT,
and GREG GRAHAM, individually and in his official capacity as chief of police of the Ocala Police Department,

*Defendants*.

## COMPLAINT

Seeking to protect and vindicate their constitutional rights, Plaintiffs state as their complaint against the above-captioned Defendants the following:

## NATURE OF THE CLAIMS

1. This action challenges Defendants' policy, practice, and custom of advancing, endorsing, affiliating with, and sponsoring – both symbolically and tangibly – theistic religion, with an emphasis primarily on Christianity, in the context of official governmental activity, in violation of the Establishment Clause of the First Amendment to the United States Constitution, as applied to Florida and the Defendants by the Fourteenth Amendment.

2. Plaintiffs seek injunctive and declaratory relief and damages under 42 U.S.C. § 1983 against Defendants to redress said Establishment Clause violations, together with recovery of attorney's fees and costs under 42 U.S.C. § 1988(b).

## JURISDICTION AND VENUE

3. This case arises under the First Amendment to the United States Constitution and presents a federal question within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court has the authority to issue a declaratory judgment under 28 U.S.C. § 2201 and to provide injunctive relief and damages under 28 U.S.C. § 1343 and Fed. R. Civ. P. 65.

4. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiffs' claims occurred herein.

## PARTIES

5. The first Plaintiff, the American Humanist Association ("AHA"), is a nonprofit 501(c)(3) organization incorporated in Illinois with a principal place of business at 1777 T Street N.W., Washington, D.C. AHA is a membership organization, with over 30,000 members, 181 chapters and 80 affiliates nationwide, and over 350,000 online supporters and followers. AHA promotes humanism and is dedicated to advancing and preserving separation of church and state

and the constitutional rights of humanists, atheists and other freethinkers. AHA brings this action to assert the First Amendment rights of its members.

6. Plaintiff Art Rojas is a citizen of the United States and the State of Florida, and is a resident, homeowner, and taxpayer in the City of Ocala, in the county of Marion, Florida. He is an atheist and is a member of the AHA. He is injured and aggrieved by the acts and practices complained of herein because his local government and its agents and employees are endorsing and promoting monotheistic religion in violation of the Establishment Clause. He personally witnessed Defendants' acts, described in more detail below, that violate the Establishment Clause and was offended and otherwise harmed by them.

7. Plaintiff Frances Jean Porgal is a citizen of the United States and the State of Florida, and is a resident of Silver Springs, in the county of Marion, Florida. She is an atheist and a member of the AHA, an organizer and member of Ocala Atheists, and a member of other atheist and humanist groups. She was injured and aggrieved by the acts and practices complained of herein because governmental actions directed at her community, Marion County, violated the Establishment Clause, and because she personally witnessed the governmental acts that violate the Establishment Clause, as described in this complaint, and was offended and otherwise harmed by them.

8. Plaintiffs Lucinda Hale and Daniel Hale are a married couple, citizens of the United States and the State of Florida, and residents of Fort McCoy, in the county of Marion, Florida. They are atheists and members of Ocala Atheists. They are injured and aggrieved by the acts and practices described herein because governmental actions directed at their community, Marion County, violated the Establishment Clause, and because they personally witnessed the governmental acts that violate the Establishment Clause, as described in this complaint, and were offended and otherwise harmed by them.

9. Defendant City of Ocala is a municipality in the State of Florida, within the county of Marion, and exists pursuant to the laws of the State of Florida.

10. Defendant Kent Guinn, sued individually and in his official capacity as mayor of the City of Ocala, is an individual who at all relevant times has served, and continues to serve, as the chief executive officer of the City of Ocala, responsible for overseeing day-to-day governmental operations, including but not limited to setting city policy, carrying out city policy, managing and supervising staff, and ensuring that city activities comply with applicable law.

11. Defendant Ocala Police Department is a department of the City of Ocala charged with law enforcement and other public safety functions common to municipal police departments in Florida and elsewhere in the United States.

12. Defendant Greg Graham, sued individually and in his official capacity as chief of police of the Ocala Police Department, is an individual who at all relevant times has served, and continues to serve, as the person in charge of the day-to-day operation of the Ocala Police Department, including but not limited to setting policy, carrying out policy, managing and supervising staff, and ensuring that department activities comply with applicable law.

## FACTS

13. The Defendants, individually and collectively, have ongoing governmental policies, practices and customs of promoting, advancing, endorsing, sponsoring, and affiliating with theistic religion and the monotheistic religion in particular.

14. Such practices have harmed and continue to cause harm to Plaintiffs.

15. On or prior to September 20, 2014, the Defendant Ocala Police Department, through its agents or employees, posted a public communication on its online social media page (Facebook) in which the Defendant Greg Graham, in his official capacity as police chief, urged the public to support a "Community Prayer Vigil" (hereinafter "Prayer Vigil") that was scheduled for September 24, 2014.

16. Said public communication urging support for the Prayer Vigil was posted in the form of a letter, on Ocala Police Department letterhead, complete with the department seal, including the department's address and telephone number, purported to be signed by the Defendant Greg Graham. A true and accurate copy of said letter is attached as Exhibit A.

17. Said letter was also purported to be signed by a Narvella Haynes.

18. Narvella Haynes is not an agent or employee of the City of Ocala or the Ocala Police Department. At the time the letter was posted, Narvella Haynes was associated with a Christian church in Ocala known as the New Zion Missionary Baptist Church.

19. In the aforementioned letter and social media posting, Defendant Greg Graham begins by stating: "Blessings to all our citizens . . ."

20. In the second sentence of said letter, Graham states: "We are facing a crisis in the City of Ocala and Marion County that requires fervent prayer to show unity and help in this senseless crime spree that is affecting our communities."

21. Later in the letter, Graham states: "I am urging you all to please support the very important 'Community Prayer Vigil' that will be held this coming Wednesday, September 24, 2014 at 6:30 pm to be held at our Downtown Square located in the heart of the City."

22. In the next paragraph, the last of the letter, Graham states: "Please support peace and this appeal for unity on the very important 'Community Prayer Vigil' coming this next Wednesday. We need you."

23. After posting the letter on social media, but still days before the September 24 Prayer Vigil, Graham received notice of objections to the letter from individuals who stated the police department's sponsorship and promotion of a prayer vigil was unconstitutional.

24. On or about September 20, 2014, a comment, purporting to be from a Paul Tjaden, posted under said letter on social media stated: "Are none of you aware just how illegal and unconstitutional it is for your Chief to organize and advertise a prayer vigil? Our

Constitution guarantees that our governmental agencies are to remain neutral regarding religion. Using the official seal and posting it on the official police FB page is unbelievably ignorant of our constitution."

25. On or about September 20, 2014, another comment, purporting to be from Carissa Kraszewski, stated: "How unprofessional of the Ocala Police department."

26. Other comments on the Ocala Police Department social media page prior to September 24, 2014, also expressed disapproval of the letter and the idea of a government-sponsored Prayer Vigil.

27. On September 21, 2014, three days before the Prayer Vigil, the Plaintiff AHA sent an email to the Ocala Police Department, addressed to Chief Graham advising him that his letter urging "fervent prayer" and promoting the Prayer Vigil was unconstitutional and demanding that the letter be removed from the police department's social media page.

28. Graham replied to the AHA's email the same day, stating he would not remove the letter.

29. Prior to September 24, Chief Graham received other email complaints about his department's involvement in the Prayer Vigil.

30. Prior to September 24, the defendant Kent Guinn received several email complaints about the city of Ocala's involvement in the Prayer Vigil.

31. In response to one such complaint, Mayor Guinn replied via email: "There is nothing in the constitution to prohibit us from having this vigil. Not only are we not canceling it we are trying to promote it and have as many people as possible to join us. We open every council meeting with a prayer. And we end the prayer in Jesus name we pray. Our city seal says "God be with us" and we pray that he is and us with him."

32. Exhibit B attached to this Complaint truly and accurately depicts the wording of the email from Mayor Guinn referenced in the prior paragraph.

5

33. The Prayer Vigil took place on September 24 in downtown Ocala, with several representatives of the Ocala Police Department serving as speakers to a crowd of several hundred people. Said representatives of the Ocala Police Department that participated as speakers wore Ocala Police Department uniforms with Ocala Police Department patches and badges during the Prayer Vigil.

34. Some of said speakers wearing Ocala Police Department uniforms, patches and badges, preached Judeo-Christian religion to the crowd in a style consistent with revivalist and evangelical religion and participated in religious worship, praising God, calling for God's assistance, and encouraging verbal participation and responsive chanting from the crowd.

35. One such uniformed Ocala Police Department speaker led the crowd in singing "God Bless America," but changed the words to "God Heal America" and prefaced his song with religious comments.

36. Another uniformed Ocala Police Department speaker gave a lengthy sermon that went on for several minutes, speaking to God in a conversational, second-person manner, with statements such as: "Lord, you brought us together by your spirit, your spirit of Love, and tonight Lord that love can conquer anything. It can conquer evil. It can conquer enemies."

37. While such statements were made by uniformed Ocala Police Department personnel, other uniformed Ocala Police Department personnel put hands in the air and bowed their heads solemnly to participate in the religious exercise.

38. Plaintiffs Art Rojas, Frances Jean Porgal, Lucinda Hale and Daniel Hale witnessed said actions of the Ocala Police Department as described above.

39. Said actions of Ocala Police Department personnel, including but not limited to the promotion of the Prayer Vigil and the actual conduct of department personnel at the Prayer Vigil, had a primarily religious, and not secular, purpose.

40.    Said actions of Ocala Police Department personnel, including but not limited to the promotion of the Prayer Vigil and the actual conduct of department personnel at the Prayer Vigil, had the effect of favoring and promoting theistic religion, particularly monotheistic religion, over non-theistic religion and beliefs.

41.    Said actions of Ocala Police Department personnel, including but not limited to the promotion of the Prayer Vigil and the actual conduct of department personnel at the Prayer Vigil, excessively entangled government and religion.

42.    Said actions of Ocala Police Department personnel, including but not limited to the promotion of the Prayer Vigil and the actual conduct of department personnel at the Prayer Vigil, was coercive, in that it pressured community members to accept theistic religious views and participate in theistic religious exercise, necessarily portraying those who do not believe and do not participate in such religious exercises as outsiders and second-class citizens.

43.    Said actions of Ocala Police Department personnel, including but not limited to the promotion of the Prayer Vigil and the actual conduct of department personnel at the Prayer Vigil, endorse theistic religion, and monotheistic religion in particular.

## CAUSES OF ACTON

44.    All preceding allegations are incorporated herein by reference.

45.    The actions of Defendants and their agents, servants, or employees, as described above, violate the Establishment Clause of the First Amendment of the United States Constitution (the "Establishment Clause").

46.    Defendants' policies, practices, and customs of sponsoring, promoting, endorsing, favoring, and affiliating with theistic religion, and monotheistic religion in particular, violate the Establishment Clause.

47.    Each of the individual Defendants, in their individual capacities, intentionally or recklessly violated Plaintiffs' well-settled constitutional rights under the Establishment Clause.

48. Defendants acted under color of law in violating the First Amendment as described herein in violation of 42 U.S.C. § 1983.

49. As a result of Defendants' policies, acts, and practices, Plaintiffs have suffered and are continuing to suffer irreparable harm.

### RELIEF SOUGHT

50. All preceding allegations are incorporated herein by reference.

51. Plaintiffs request that this Court grant the following relief:

  i. A declaratory judgment that Defendants' actions and policies described above violate the Establishment Clause of the First Amendment to the United States Constitution.

  ii. A declaratory judgment that the above actions of Defendants:
   i. lack a secular purpose;
   ii. have the effect of endorsing, favoring, and preferring religion over non-religion, and monotheistic religion in particular;
   iii. result in excessive government entanglement with religion; and
   iv. coerce citizens to participate in religious activity in violation of the Establishment Clause;

  iii. A declaratory judgment that Defendants' affiliation with and sponsorship, promotion, and endorsement of theistic religion, and monotheistic religion in particular, and their excessive entanglement with said religion, violates the Establishment Clause and is a violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983;

  iv. A declaratory judgment that the individual Defendants, named in their individual capacities, violated the Establishment Clause;

  v. A permanent injunction prohibiting Defendants, their agents, successors and any person in active concert with Defendants, from: (1); sponsoring, endorsing, promoting, advancing and affiliating with any religious organization; (2); using any governmental resources

8

to support any religious organization; (3) organizing any kind of community event that is intended in any way to promote prayer or theistic religion of any kind; (4) using governmental email, social media, or other communication resources to promote any religious activity or religious organization; (5) allowing uniformed representatives of the Ocala Police Department or the City of Ocala to (i) pray or participate in prayer or worship at any event that has been promoted or organized, in whole or in part, by the Ocala Police Department or the City of Ocala, (ii) participate in any religious proselytizing or evangelical activities; and (iii) promote, sponsor or affiliate the Ocala Police Department or the City of Ocala with religion;

  vi. Award nominal damages to Plaintiffs;

  vii. Award Plaintiffs the attorneys' fees, expenses, and costs reasonably incurred in prosecuting this action pursuant to 42 U.S.C. § 1988; and

  viii. Award Plaintiffs such other relief as this Court deems just and proper.

  Respectfully Submitted,

Date: November 20, 2014

s/ Heather Morcroft
Heather Morcroft, Esq.
1065 W. Morse Blvd. Ste 101
Winter Park, FL 32789
407-325-0585
FBN: 0709859
Email: hmorcroft13@gmail.com

s/ Monica L. Miller
MONICA L. MILLER, Esq.
American Humanist Association
1777 T Street N.W., Washington, D.C, 20009
202-238-9088; Fax: 202-238-9003
mmiller@americanhumanist.org
CA Bar: 288343 / DC Bar: 101625
(*pro hac vice* pending)

s/David A. Niose
DAVID A. NIOSE, Esq.
Law Offices of David Niose
348 Lunenburg Street, Suite 202
Fitchburg, MA, 01420
dniose@americanhumanist.org
978-343-0800
MA Bar: 556486
(*pro hac vice* pending)

**ATTORNEYS FOR PLAINTIFFS**

9

# Exhibit A



# OCALA POLICE DEPARTMENT

Blessings to all our citizens, specifically Pastors, Community Leaders, Parents and our precious youth.

We are facing a crisis in the City of Ocala and Marion County that requires fervent prayer and your presence to show unity and help in this senseless crime spree that is affecting our communities.

Within the last 30 days we have had numerous shootings that have resulted in two children and an infant being hit by bullets.

Stray bullets do not have respect for addresses, social status, economic status, educational background, political status and the list goes on. But my point is none of us are exempt from stray bullets.

I am urging you all to please support a very important "Community Prayer Vigil" that will be held this coming Wednesday, September 24, 2014 at 6:30 pm to be held at our Downtown Square located in the heart of the City.

Please support peace and this appeal for unity on this very important "Community Prayer Vigil" coming this next Wednesday. We need you.

Blessing and Highest Regards,

Greg Graham
Chief of Police

Narvella Haynes



# OCALA POLICE DEPARTMENT

Blessings to all our citizens, specifically Pastors, Community Leaders, Parents and our precious youth.

We are facing a crisis in the City of Ocala and Marion County that requires fervent prayer and your presence to show unity and help in this senseless crime spree that is affecting our communities.

Within the last 30 days we have had numerous shootings that have resulted in two children and an infant being hit by bullets.

Stray bullets do not have respect for addresses, social status, economic status, educational background, political status and the list goes on. But my point is none of us are exempt from stray bullets.

I am urging you all to please support a very important "Community Prayer Vigil" that will be held this coming Wednesday, September 24, 2014 at 6:30 pm to be held at our Downtown Square located in the heart of the City.

Please support peace and this appeal for unity on this very important "Community Prayer Vigil" coming this next Wednesday. We need you.

Blessing and Highest Regards,

Graham
Chief of Police

Narvella Haynes

# Exhibit B

---------- Forwarded message ----------
From: **Kent Guinn** <KGuinn@ocalafl.org>
Date: Mon, Sep 22, 2014 at 11:24 AM
Subject: Re: Community Prayer Vigil
To: Luci Hale <lucinda.m.hale@gmail.com>
Cc: GGraham <GGraham@ocalapd.org>, "mark@hopeinocala.com" <mark@hopeinocala.com>, "rob@hopeinocala.com" <rob@hopeinocala.com>


Thanks for your interest in our community. There is nothing in the constitution to prohibit us from having this vigil. Not only are we not canceling it we are trying to promote it and have as many people as possible to join us. We open every council meeting with a prayer. And we end the prayer in Jesus name we pray. Our city seal says "God be with us" and we pray that he is and us with him.

Regards


Kent Guinn
Mayor
City of Ocala
110 S.E. Watula Ave
Ocala, Fl 34471
O- 352-401-3977
C- 352-572-0312