**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

| | |
|---|---|
| THE AMERICAN HUMANIST ASSOCIATION, INC., *et al.*, | ) ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) **Case No. 5:14-cv-00651-TJC-PRL** |
| *v.* | ) |
| | ) |
| CITY OF OCALA, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

<u>**NOTICE OF RECENT DECISION**</u>

Defendants, City of Ocala and Greg Graham, respectfully call this Court's attention to a decision issued by the Federal Court of Appeals for the Eleventh Circuit on July 1, 2019 in *Uzuegbunam v. Preczewski*, No. 18-12676 (11th Cir. July 1, 2019). In this decision, the Eleventh Circuit provided clarification regarding its decision in *Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs,* 868 F.3d 1248 (11th Cir. 2017) (en banc), which held that "a prayer for nominal damages, by itself, is insufficient to satisfy Article III's jurisdictional requirements." 868 F.3d at 1253. In *Uzuegbunam*, the Court clarified the only exception to this rule.

> [In *Flanigan*'s] [w]e reiterated our holding "does not imply that a case in which nominal damages are the only available remedy is always or necessarily moot," and we noted that where a "court determines that a constitutional violation occurred, but that no actual damages were proven, it is within Article III powers to award nominal damages." Notably, we limited our discussion in this regard to cases in which both compensatory and nominal damages were pled, but the only available remedy was nominal damages.

2019 U.S. App. LEXIS 19613, at *16 (citation omitted). The Court reiterated,

> [t]he cases we sought to distinguish from *Flanigan's* – cases in which a claim for nominal damages was adequate, on its own, to sustain an action – involved an ongoing controversy

regarding compensatory damages throughout the entire litigation. In other words, they all involved a well-pled complaint for compensatory damages, though no actual damages were ultimately *proven*.

*Id*. at *18. The Court concluded that the students' First Amendment claims against college officials were properly dismissed as moot "where the only relief Appellants actually requested, other than declaratory and injunctive relief [which no longer remained] was nominal damages, and there has never been any controversy over compensatory damages." *Id*. at *19.  A copy of the Eleventh Circuit's decision is attached as Exhibit A to this Notice.

Date:   July 26, 2019                         Respectfully submitted,

<u>*Abigail Southerland*</u>
Abigail A. Southerland (admitted *pro hac vice*)
American Center for Law & Justice
625 Bakers Bridge Ave, Suite 105-121
Franklin, TN 37067
Telephone: 800-296-4529
Facsimile: 615-599-5189
asoutherland@aclj.org

Olivia F. Summers (admitted *pro hac vice*)
American Center for Law & Justice
1000 Regent University Drive, RH 422
Virginia Beach, VA 23464
Telephone: 757-226-2489
Facsimile: 757-226-2836
osummers@aclj.org

Patrick G. Gilligan, Esq.
Florida Bar No. 375454
George Franjola, Esq.
Florida Bar No. 333271
Gilligan, Gooding & Franjola, P.A.
1531 SE 36th Avenue,
Ocala, FL 3447
Telephone: 352-867-7707
Facsimile: 352-867-0237
pgilligan@ocalalaw.com

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2019, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/Abigail A. Southerland
Abigail A. Southerland