IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| ROJAS, *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No. 5:14-cv-00651-TJC-PRL |
| v. | ) |
| | ) |
| CITY OF OCALA, *et al.*, | ) |
| | ) |
| *Defendant.* | ) |

**JOINT MOTION TO STAY PROCEEDINGS PENDING APPLICATION FOR WRIT OF CERTIORARI AND DISPOSITION OF THE CASE BY THE SUPREME COURT**

Plaintiffs Lucinda Hale and Art Rojas, and Defendant City of Ocala (the "City") (collectively the "Parties"), by and through undersigned counsel and pursuant to Local Rules 3.01(a) and (g), respectfully move for a stay of proceedings in this case pending the Supreme Court's decision on Defendant City of Ocala's application for writ of certiorari filed on September 22, 2022. In support, the Parties state as follows:

**I.     Procedural History and Background**

On June 25, 2022, Defendants City of Ocala and Chief Graham filed their notice of appeal to the United States Court of Appeals for the Eleventh Circuit (Dkt. 91), from the Order denying the summary judgment motion of the

1

Defendants City of Ocala and Chief Graham, and granting the summary judgment motion of Plaintiffs entered on May 24 2018 (Dkt. 88).[1]

On July 22, 2022, the Eleventh Circuit Court of Appeals issued its opinion vacating and remanding the case. Relying on prior decisions regarding Article III standing in the Establishment Clause context, issued its opinion and agreed with the district court that Hale "had alleged 'more than a mere interest in the matter,' and because she was injured, she has standing to bring this lawsuit." *Rojas, et al v. City of Ocala*, Case No. 19-12679, slip op. at 6 (11th Cir. July 22, 2022) (citing *ACLU of Ga. v. Rabun Cnty. Chamber of Com., Inc.*, 698 F.2d 1098, 1108 (11th Cir. 1983)).[2] In addition to finding that Hale had standing to press her Establishment Clause claim, the Court reversed the district court's summary judgment ruling in Plaintiffs' favor. It remanded the case to the district court to evaluate the facts in light of the Supreme Court's decision in *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022), and "the historical practices and understandings standard endorsed" in that case. *Id.* at 8.

---

[1] As the Eleventh Circuit summarized Plaintiff Daniel Hale died while this appeal was pending. The two plaintiffs who remain parties in this case are Art Rojas and Lucinda Hale (Daniel Hale's widow). Additionally, Defendant Chief of Police, Greg Graham died while the appeal was pending and plaintiffs took no action to substitute any party for Graham. The only defendant who remains a party is the City of Ocala. Op. at 3, fn. 1.

[2] Because the panel held that Hale had standing, it did not need to resolve whether Plaintiff Rojas did. *Id.* at 7.

On August 31, 2022, and following denial of Defendant City's motion for stay of the issuance of the mandate pending petition for writ of certiorari on August 23, 2022, the Eleventh Circuit's mandate issued.

On September 13, 2022, this Court instructed the Parties to confer and file a proposed briefing schedule no later than October 14, 2022. (Dkt. 124)

On September 22, 2022, Defendant City filed its petition for writ of certiorari with the Supreme Court pursuant to Sup. Ct. R. 13(1). Defendant's petition was docketed on September 23, 2022.[3]

## II. Legal Authority and Argument

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "'Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency,' . . . especially when the related matter is 'likely to have a substantial or controlling effect on the claims and issues in the stayed case.'" *Morrissey v. Subaru of Am., Inc.*, Case No. 1:15-cv-21106, 2015 U.S. Dist. LEXIS 96810, at 4 (S.D. Fla. July 24, 2015) (quoting *Miccosukee Tribe of Indians of Fla. Water Mgmt. Dist.*,

---

[3] *See* https://www.supremecourt.gov/Search.aspx?FileName=/docket/docketfiles/html/public\22-278.html

559 F.3d 1191, 1198 (11th Cir. 2009) (other citations omitted). "So long as a stay does not prove 'immoderate'—that is to say, too long, too indefinite, or without proper justification—the decision to stay is bounded only by the district court's discretion." *Gray v. Target Corp.*, No. 13-62769-Civ, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (Scola, J.) (citing *Ortega Trjillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

A stay is warranted here where the City's petition for certiorari seeks Supreme Court review on an important threshold issue in this case: whether Plaintiffs' standing is consistent with Article III and, thus, whether Plaintiffs have standing to press their Establishment Clause claims in this case. Should the Supreme Court grant review, a ruling may resolve the issues in this case. *McCamey v. Capital Mgmt.*, 2017 U.S. Dist. LEXIS 234329, at *2 (granting parties' joint motion to stay proceedings until Supreme court denies review or issues an opinion) (citing *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679 (7th Cir. 2017)).

The Parties' request for a stay is also appropriate here because it is moderate and contains a "definite and imminent end point." *Morrissey*, Case No. 2015 U.S. Dist. LEXIS 9681, at *6 (contrasting the "immoderate" stay in *Ortega* that was indefinite and "appears to expire only after a trial of [another] case and the exhaustion of appeals in that case," with one that is moderate and

4

will terminate upon specific resolution of an issue and the court's "adjudication of the jurisdiction and change of venue issues").

Accordingly, a stay in this case is justified and appropriate because it will promote judicial economy and efficiency by avoiding litigation of issues that may become irrelevant or moot. For the foregoing reasons, the Parties respectfully requests this Court to stay proceedings in this case pending decision on and/or final disposition of Defendant's petition for a writ of certiorari by the Supreme Court.

Date:	September 26, 2022	Respectfully submitted,

*Abigail Southerland*
Abigail A. Southerland (admitted *pro hac vice*)
American Center for Law & Justice
625 Bakers Bridge Ave,
Suite 105-121
Franklin, TN 37067
Telephone: 800-296-4529
Facsimile: 615-599-5189
asoutherland@aclj.org

Olivia F. Summers (admitted *pro hac vice*)
American Center for Law & Justice
1000 Regent University Dr.,RH 422
Virginia Beach, VA 23464
osummers@aclj.org

Patrick G. Gilligan, Esq.
Florida Bar No. 375454
Gilligan, Anderson & Phelan, P.A.
1531 SE 36th Avenue,

Ocala, FL 3447
Telephone: 352-867-7707
pgilligan@ocalalaw.com

***Counsel for Defendants***

<u>*Monica L. Miller*</u>
Monica L. Miller
American Humanist Association
1821Jeferson Pl., NW
Washington, DC 20036
Tel. 202.238.9088
mmiller@americanhumanist.org

Heather Morcroft, Esq.
Florida Bar No. 0709859
331 S. Wymore Rd.
Winter Park, FL 32789
407-325-0585
hmorcroft13@gmail.com

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/Abigail A. Southerland
Abigail A. Southerland